## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY PETTYJOHN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 13-CV-4190 |
| JOHN E. WETZEL, ET AL., | : | |
| | : | |
| Defendant. | | |

### MEMORANDUM

YOHN, J.                                                          March 10, 2014

Petitioner, Leroy Pettyjohn, currently serving a life sentence without the possibility of parole at the State Correctional Institute in Rockview has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Upon consideration of the petition, the Commonwealth's response, the Magistrate Judge's report recommending dismissal of the petition, and petitioner's objections thereto, the court will overrule petitioner's objections, and dismiss petitioner's habeas corpus as procedurally defaulted.

## I. PROCEDURAL BACKGROUND

On January 21, 1983, Pettyjohn was sentenced to life imprisonment following convictions of second degree murder, robbery, and possession of an instrument of crime. (Resp. Ex. B., at 1.)  Pettyjohn was twenty-years-old at the time of the offense.  (Pet. ¶ 12(a).) Pettyjohn appealed his sentence, raising an ineffective assistance of counsel claim based on trial counsel's failure to locate, interview, or call eyewitnesses at the trial, including an eyewitness known as "Dennis."  (Resp. Ex. B., at 1.)  On June 22, 1984, the Superior Court affirmed the sentence in an unpublished memorandum opinion.  (See Superior Court Docket No. 300 PHL

1983; Resp. Ex. B., at 1.)  Pettyjohn did not seek an allowance of appeal in the Pennsylvania Supreme Court.

On August 30, 2010, Pettyjohn filed a petition seeking relief under Pennsylvania's Post Conviction Relief Act (PCRA).  (See Philadelphia Court of Common Pleas Docket No. CP-51-CR-0321251-1981 ("CP Doc."), at 3.)  On July 31, 2012, Pettyjohn filed an amended PCRA petition raising a *Miller* claim.  (CP Doc., at 3.)  On November 26, 2013, the PCRA court dismissed Pettyjohn's PCRA petition finding that "[p]etitioner was 20 years old at the time of the offenses, neither *Graham* [n]or *Miller* apply."  (CP Doc., at 3.)  Pettyjohn did not appeal.  (CP Doc., at 3.)

On June 18, 2013,[1] Pettyjohn filed the instant habeas petition in which he raises a single constitutional challenge to his conviction, claiming that his life sentence without the possibility of parole violates that Eighth Amendment, in light of the Supreme Court's holding in *Miller v. Alabama*, 32 S. Ct. 2455 (2012).  On August 19, 2013, Pettyjohn filed a revised petition on the standard form used for habeas corpus petitions, reiterating the same *Miller* claim.  On September 9, 2013, Pettyjohn filed an Amendment to his habeas corpus petition, alleging that he had access to newly discovered evidence.  Specifically, Pettyjohn alleged that he learned the full name of a witness "who can testify that I didn't rob or attempt to rob the victim in the case."  Though, according to Pettyjohn's own statement, the witness "seen me kill someone."

On October 22, 2013, the respondents filed an answer to Pettyjohn's habeas corpus petition, arguing that the petition is untimely and should be dismissed.  I assigned the matter to a Magistrate Judge for a Report and Recommendation.  On October 31, 2013, the Magistrate Judge recommended that Pettyjohn's claim should be dismissed as time-barred.  Specifically, the

---

[1] As a *pro se*, incarcerated petitioner, all dates for Pettyjohn's filings are determined from the date he signed the documents.  *See Burns v. Morton*, 134 F..3d 109, 113 (3d Cir. 1998) (holding that "a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court").

Magistrate Judge determined that *Miller* was inapplicable, and the new evidence offered in the Amendment was insufficiently supported because Pettyjohn had failed to allege the date on which he learned of the new evidence.  On November 8, 2013, Pettyjohn filed objections to the Report and Recommendation in which he supplemented the factual support of his new evidence, alleging that he learned of it on April 17, 2013.  Pettyjohn did not object to the Magistrate Judge's finding regarding the inapplicability of *Miller*.

## II. DISCUSSION

### A.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs the court's review of the instant petition.  Under AEDPA, when a petitioner is in custody pursuant to a judgment by a state court, a district court may entertain an application for writ of habeas corpus only if the custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Where a habeas petition has been referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), the district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C § 636(b)(1).  After conducting such a review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### B.  Petitioner's Habeas Corpus Petition is Procedurally Defaulted

A federal court cannot grant a state prisoner's habeas corpus petition unless available state court remedies on the federal constitutional claims have been exhausted.  28 U.S.C. § 2254(b)(1).  "Absent exceptional circumstances, the petitioner must first present all of his constitutional claims in the state system, through the highest state tribunal, before seeking relief

in federal court." *Wheeler v. Pa. Bd. of Probation and Parole*, No. 06-0559, 2007 U.S. Dist. LEXIS 33400, at *4 (E.D. Pa. May 4, 2001) (internal citations omitted). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This exhaustion rule requires a petitioner to "fairly present" his federal claims at each level of the state court system. *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) ("In order for a claim to be exhausted, it must be fairly presented to the state courts by invoking one complete round of the State's established appellate review process.") (internal quotations and citations omitted); *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999).

If, however, a petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred…there is procedural default for purposes of federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991). For example, where a state remedy is no longer available to a petitioner because it is time-barred under the state's procedural time limitations for seeking review, then the petitioner has procedurally defaulted those claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

Pettyjohn objected only to the Magistrate Judge's determination that the new evidence did not provide an alternative start date for the habeas corpus petition because Pettyjohn failed to note when he learned of the new evidence. In his objections, Pettyjohn alleges that he learned of the new evidence on April 17, 2013. Because Pettyjohn learned of the new evidence on April 17, 2013, and has not presented the new evidence to the state court, Pettyjohn is now procedurally defaulted from bringing his claim.

Under the Pennsylvania Post Conviction Relief Act ("PCRA"), Pettyjohn has sixty (60) days from the date he learned of the new evidence to seek PCRA relief. 42 Pa. C.S.A. § 9545(b)(2). A thorough examination of both the state trial court and appellate court dockets shows that Pettyjohn has not filed anything on or after April 17, 2013, the date he alleges he learned of the new evidence. Accordingly, Pettyjohn failed to exhaust his new evidence claim in the state courts prior to raising it here. And as the date for raising the claim before the state court has expired, the claim for new evidence is procedurally defaulted before this court.

## IV. CONCLUSION

After conducting a *de novo* review of the Magistrate Judge's Report and Recommendation, and upon consideration of Pettyjohn's objections, the court will overrule the objections, adopt the Report and Recommendation regarding the inapplicability of *Miller* and dismiss the *Miller* claim. The court will dismiss the new evidence claim because it is procedurally defaulted.

Additionally, the court will not issue a certificate of appealability. A habeas petitioner may not appeal the dismissal of his petition unless he receives a certificate of appealability. 28 U.S.C. § 2253(c). A court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* Because Pettyjohn has failed to make a substantial showing of the denial of a constitutional right, and, as previously noted, his claim is procedurally defaulted, I will not issue a certificate of appealability.

An appropriate order will follow.